```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                :
  UNITED STATES OF AMERICA                      :
                                                :
           - v. -                               :     [Proposed] Protective Order
                                                :
  SHANE McGREGOR and                            :     23 Cr. 372 (JHR)
  MEKHI McGOWAN,                                :
                                                :
                           Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/2023

Upon the application of the United States of America, with the consent of counsel for the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Confidential Material.** Certain of the Government's disclosure material, referred to herein as "Confidential Material," contains material that affects the privacy and confidentiality of individuals or entities, including but not limited to: financial information (*i.e.*, bank account information, credit card information, and mobile payment information) and personal identifying information (*i.e.*, names, addresses, Social Security numbers, dates of birth, phone numbers, e-mail addresses, visual images and voices). Any Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Confidential" or otherwise identified by the Government to counsel for the defendants as Confidential Material. The

Government's designation of material as Confidential Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

5. **Restrictions on Confidential Material**. Confidential Material disclosed to the defendants or to their counsel during the course of proceedings in this action:

   a. Shall be used by the defendants and their counsel only for purposes of the defense of this action;

   b. Shall not be duplicated by the defendants and their counsel except for purposes of the defense of this action;

   c. Shall be kept and maintained by the defendants and their counsel in a secure container and location;

   d. Shall not be disclosed in any form by the defendants or their counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 5(e) below; and

   e. May be disclosed by the defendants or their counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:

      i. investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;

      ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

      iii. other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation; and

      iv. such other persons as hereafter may be authorized by the Court upon motion by any defendant.

6. **Provisions for Designated Persons.** The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Material pursuant to paragraph 5. The defendants and/or their counsel shall maintain a record of all such Designated Persons to whom they provide Confidential Material. If Confidential Material is provided to any prospective witnesses, pursuant to paragraph 5(e)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 9 below. Prior to disclosure of Confidential Material pursuant to paragraph 5(e), any such individual shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, the defendants and their counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), all of whom are nonetheless bound by this Protective Order.

7. **Protection of Confidential Material.** The defendants and/or their counsel shall use reasonable care to ensure that the Confidential Material is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Confidential Material, the defendants and/or their counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Material and shall use reasonable efforts to secure the return and/or destruction of the inadvertently produced Confidential Material.

8. **Use of Confidential Material at Public Hearings and Trial.** The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action, provided, however, that Confidential Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. **Return or Destruction of Material.** Except for Confidential Material that has been made part of the record in this case, the defendants and their counsel shall return to the Government or securely destroy or delete all Confidential Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned

case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
August 31, 2023

_____
THE HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE